United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-41270
_____

REPUBLIC WASTE SERVICES OF TEXAS, LTD,

Plaintiff - Appellant,

versus

EMPIRE INDEMNITY INSURANCE CO,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

( 02-CV-737 )

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Republic Waste Services of Texas appeals the district court's order granting summary judgment in favor of Empire Indemnity Insurance Company. Republic sought insurance coverage from Empire, claiming it was an additional insured under a policy Empire issued to Rustin Transportation Company. Empire denied coverage and Republic brought this suit. The district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

found that coverage was precluded because Republic did not qualify as an additional insured under Rustin's policy. Our review is de novo,[1] and we AFFIRM.

The policy's additional insured provision states that "[a]ny person(s) or organization(s) with whom you [Rustin] agree in a written construction contract to name as an insured [] is an insured with respect to liability arising out of 'your work.'" However, the policy makes clear that additional insured coverage will be provided "only when [Empire] [is] notified via a certificate of insurance so designating such person or organization, said certificate's issue date serving as effective date herein." Moreover, the policy provides that Empire "reserve[s] the right to decline or refuse any Additional Insured from coverage" by informing the additional insured within fifteen days of receiving the certificate of insurance. This policy language clearly conditions additional insured status on notification to Empire through a certificate of insurance, and if Empire does not deny coverage, the additional insured's coverage runs from the issue date of the certificate.

Republic's assertion that it qualifies as an additional insured under the policy must fail because it did not properly notify Empire of its alleged additional insured status by sending

---

[1] *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 257-58 (5th Cir. 2001).

Empire its certificate of insurance. Proper notification and allowing Empire the opportunity to deny coverage are conditions precedent under the policy. Specifically, the policy provides that Empire will be obligated to an additional insured "only when we [Empire] are notified via a certificate of insurance so designating such person or organization." The certificate of insurance was issued on April 26, 2000, but Republic did not send Empire a copy of the certificate until April 26, 2002 – two years later and three days before trial.

It was Republic's burden to abide by these conditions precedent. Under Texas law, additional insureds are strangers to an insurance policy and must bear the burden of proving additional insured status.[2] Moreover, the party claiming additional insured status is held to the same obligation as the policyholder to review the policy; reliance on a certificate alone is unreasonable.[3] As a result, Republic was under a duty to review the policy, abide by its conditions, and prove additional insured status. Republic failed to satisfy the condition precedent of proper notification and its claim fails under Texas law.

In support of its claim that Empire was properly notified,

---

[2] *Republic Nat'l Bank of Dallas v. Nat'l Bankers Life Ins. Co*, 427 S.W.2d 76, 80 (Tex. App.–Dallas 1968, writ ref'd n.r.e.).

[3] *TIG Ins. Co. v. Sedgwick James of Washington*, 184 F. Supp. 2d 591, 603-04 (S.D. Tex. 2001), *aff'd* 276 F.3d 754 (5th Cir. 2002).

Republic claims that Rustin's insurance agent was an agent of Empire, and Empire is therefore deemed to have known that the certificate of insurance was issued. This argument was not raised below and is therefore waived.[4] Republic presented no other summary judgment evidence indicating that Empire was properly notified under the contract.

Given Republic's failure to raise a genuine issue of material fact that it properly notified Empire of its alleged additional insured status, summary judgment was appropriate.

AFFIRMED.

---

[4] *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 358 n.19 (5th Cir. 2000).